IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DEBORAH FRITTS**                                                                        **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:06cv35KS-MTP**

**GAB ROBINS NORTH AMERICA, INC.**                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgement **[#36]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

On or about September 21, 2005, the plaintiff arrived in Hattiesburg, Mississippi from her home in Texas to begin work the next day at the defendant's Hattiesburg office. The plaintiff's employment was pursuant to a contract between the plaintiff and defendant whereby the plaintiff would adjust Hurricane Katrina claims for the defendant in South Mississippi, primarily in Jefferson Davis County and Covington County, Mississippi. As a result of this contract, the plaintiff was assigned to adjust sixty claims for the defendant which were insured by Farm Bureau Insurance Company. The plaintiff was provided with a Catastrophe Claim Handling Pricing Schedule which

delineated the amount of the plaintiff's payment on each of the claims to which she was assigned.

It is undisputed that the contract that governed the plaintiff's employment was oral. The parties agree that under the terms of the contract, the plaintiff was to be compensated at the rate of $455.00 per week plus a *per diem* of $108.00 plus mileage and expenses to be credited against the ultimate compensation she was to receive as determined by the written Pricing Schedule. Nor is there any dispute that the plaintiff was to be entitled to the full Pricing Schedule compensation rate at the time she completed each claim file.

On November 4, 2005, the plaintiff was terminated by the defendant. The defendant's stated reason for the termination is that the plaintiff failed to timely complete the tasks assigned to her by failing to complete her work on fifty-three of the sixty files she had been given and for verbally assaulting a Farm Bureau agent and a Farm Bureau insured. The plaintiff had completed seven files and admits that she was fully compensated for her work on them.

From the record, there appears to have been a conflict between the plaintiff and her supervisor at GAB about the completion of her work on the Farm Bureau claim files in the waning days of October, 2005. The plaintiff was ordered to report to GAB's Hattiesburg office with all of her files on November 2, 2005. After reviewing the files, her supervisor, Wick Powell, summoned her in on November 4, 2005, at which time she told Powell that she would complete all fifty-three files within one week. However, Powell informed her that she was terminated at that time.

In the interim from the second to the fourth of November, the plaintiff had begun

to receive calls from Farm Bureau insureds telling her that they had been contacted by new adjusters who told them that she (the plaintiff) had been terminated. One insured reported that a new adjuster actually came to her home on November 3, 2005, to begin adjusting her claim anew. Also during this interim, the plaintiff made phone calls to and verbally assaulted the Farm Bureau agent and insured.

The plaintiff filed suit in Lamar County, Mississippi circuit court alleging wrongful termination and breach of contract for failure to pay her for the work she had performed on the fifty-three claim files she did not complete. She is also seeking punitive damages and attorney fees for alleged humiliation and emotional distress caused by the method of her termination. The defendant removed the case to this court on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). The court has jurisdiction of the parties and the subject matter. The parties have completed discovery and the matter is now ripe for decision.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

Normally, the existence of an oral contract is a question of fact. *See R.C. Const. v. National Office Systems*, 622 So.2d 1253, 1255 (Miss. 1993). However, where as here, the existence and terms of the contract are not in dispute, the court may apply the terms of the contract to the undisputed facts to resolve this matter.

The defendant has moved for summary judgment asserting that there are no genuine issues of material fact to be resolved at trial. GAB contends that the contract between the parties unequivocally called for payment to the plaintiff only upon completion of the work on each claim file and that she was paid in full for the seven files she completed, thus she is due nothing more.

The plaintiff advances two theories in response to the defendant's summary judgment motion. First, that she was an independent contractor and not an employee; and Second, that she is entitled to *quantum meruit* for the work she performed on the fifty-three uncompleted files. The defendant responds to the first argument by pointing out that it is irrelevant whether the plaintiff is an employee or an independent contractor in that the contract of employment governed the relationship between the parties. As to

the second argument, the defendant contends that the contract provided for payment only upon completion of the claims, not for partial completion. Further, the defendant points out that for *quantum meruit* to apply, among other things, the party charged must have received a benefit from the partial completion of work. Here, GAB contends that it had to assign new adjusters who had to completely begin the adjusting process over after the plaintiff defaulted on the fifty-three claims and that it had to pay full compensation to those new adjusters upon completion of each claim.

Regarding the plaintiff's first argument, the court agrees with the defendant that it does not matter whether the plaintiff is viewed as an employee or as an independent contractor. The contract governs the relationship between the parties either way. However, the plaintiff admitted in her deposition that she was an employee of GAB and she may not refute that by way of argument of counsel herein. Thus, for purposes of this action, the plaintiff was an employee of GAB at all relevant times.

As to plaintiff's *quantum meruit* claim, such a recovery is a contract remedy which may be based on an express or implied contract. However, a prerequisite to establishing grounds for such a recovery is the plaintiff's reasonable expectation of compensation. *See Estate of Johnson v. Adkins*, 513 So.2d 922, 926 (Miss.1987); *Estate of Van Ryan v. McMurtray*, 505 So.2d 1015 (Miss.1987); *Wiltz v. Huff*, 264 So.2d 808, 810-11 (Miss.1972). There are four necessary elements for recovery under a *quantum meruit* theory:

> (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified person sought to be charged that plaintiff, in performing such services, was expected to be paid by person sought to be

charged.

*Reed v. Weathers Refrigeration & Air Conditioning, Inc.*, 759 So.2d 521, 525 (Miss.Ct.App.2000) (*quoting* Black's Law Dictionary 1243 (6th ed.1990)).

    A careful review of the undisputed facts of this case leads the court to the conclusion that *quantum meruit* does not apply to this case. The parties had an express contract, albeit oral, that governed the rights and responsibilities of the parties. The plaintiff was required to fulfill her duties under the contract to be compensated. She did not preform as agreed by the parties and she is not entitled to further compensation.

    IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgement **[#36]** filed on behalf of the defendant is Granted and the plaintiff's complaint is dismissed with prejudice and that any other pending motions are dismissed as moot.

    A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 8th day of March, 2007

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE